UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ARTHUR JACKSON,

        Plaintiff,                    Case No. 2:10-cv-150

v.                                       Honorable Robert Holmes Bell

GARY CAPELLO et al.,

        Defendants.
_____/

## **OPINION**

This matter is before the court on Plaintiff Arthur Jackson's *pro se* petition for writ of mandamus and removal of a state court mandamus and habeas petition to this Court. Plaintiff currently is confined at Baraga Maximum Correctional Facility. He sought leave to proceed *in forma pauperis,* and it was granted.

Plaintiff first asks this Court to remove a state mandamus and habeas corpus action from the Baraga County Circuit Court. (Pet., PageID# 1, docket #1.) Plaintiff requests removal pursuant to 28 U.S.C. § 1443. This request will be denied because only defendants - not plaintiffs or habeas petitioners who had the choice of where to bring their mandamus or habeas actions - may remove actions from state court to federal court. *See* 28 U.S.C. §§ 1441-1453.

To the extent Plaintiff seeks a writ of mandamus, his request will also be denied. Title 28 United States Code § 1361 confers jurisdiction only over mandamus actions to compel action by federal, not state, officials or employees. Federal courts have no authority to issue writs of mandamus to direct state officials to conform their conduct to state law. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984); *Haggard v. Tennessee*, 421 F.2d 1384 (6th Cir. 1970). Therefore, the Court may not maintain jurisdiction over Plaintiff's action pursuant to 28

U.S.C. § 1361. To the extent Plaintiff challenges the fact or duration of his confinement pursuant to the judgment of a state court, such a challenge can only be brought as a petition for habeas corpus relief under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).[1]

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Because Plaintiff's request for a writ of mandamus lacks an arguable basis in law, it will be dismissed with prejudice as frivolous. *See Santee v. Quinlan,* 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties); *Parks v. N.Y.S. Executive Dept. Div. of Parole*, No. 05-CV-4440, 2005 WL 2746663, at *2 (E.D.N.Y. Oct. 25, 2005) (same); *McDonald v. Summers***,** No. 3:05 0243, 2005 WL 2249880, at *6 (M.D.Tenn. Sept. 15, 2005) (same).

A Judgment consistent with this Opinion will be entered.

Dated: August 10, 2010 /s/ Robert Holmes Bell
                                                                        ROBERT HOLMES BELL
                                                                        UNITED STATES DISTRICT JUDGE

---

[1] Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.